## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THB HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-443-PRW |
| | ) | |
| TABLE INVESTMENTS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* (Dkt. 7), seeking dismissal of this case for failure to abide by a mandatory forum-selection clause. For the reasons that follow, the Motion (Dkt. 7) is **GRANTED**, and this case is **DISMISSED**.

### *Background*

This case arises out of the purchase and agreement to rehabilitate a rental property in Oklahoma City, Oklahoma. In 2019, Plaintiff THB Holdings ("THB"), a property investment company, enlisted Defendants' services to identify and acquire an investment property in the Oklahoma City area, which THB then purchased on Defendants' recommendation. After purchasing the property, THB and Defendants entered into a property management agreement ("Agreement"), in which Defendants agreed to manage an extensive rehabilitation project on the purchased property.

The relationship between the parties, however, quickly deteriorated. THB alleges that Defendants failed to undertake or complete the rehabilitation projects and colluded

1

with third parties to misappropriate funds designated for the rehabilitation. THB also claims that the collusion predated the Agreement, alleging that Defendants colluded with third parties to misrepresent the value of the rental property and induce THB into overpaying for the property.

THB filed suit in this Court, bringing claims for breach of contract, breach of fiduciary duty, and fraud.[1] Shortly thereafter, Defendants moved to dismiss this case under the doctrine of *forum non conveniens*, arguing that the claims in this case are subject to the Agreement's mandatory forum-selection clause. That clause provides that "exclusive jurisdiction and venue for the enforcement of this agreement shall be in the District Court of Oklahoma County, State of Oklahoma."[2] Defendants maintain that all of THB's claims relate to the "enforcement" of the Agreement and thus fall within the scope of the clause. And since this case was not filed in the designated forum, Defendants argue that the case should be dismissed.

THB does not dispute that the forum-selection clause, if applicable and enforceable, is a mandatory forum-selection clause, thereby designating the District Court of Oklahoma County as the only forum in which litigation may be brought.[3] Instead, THB resists

---

[1] This Court has diversity jurisdiction under 28 U.S.C. § 1332.

[2] Ex. 1 (Dkt. 15), at 17 (emphasis omitted).

[3] *See K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002) ("This court and others have frequently classified forum selection clauses as either mandatory or permissive. Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." (cleaned up)).

dismissal by arguing that: (1) the claims in this case do not fall within the scope of the forum-selection clause; and (2) even if the clause covers the claims, the Agreement was fraudulently induced, and the clause is therefore unenforceable.

### *Legal Standard*

Federal law provides two means for enforcing a valid, mandatory forum-selection clause. Where the forum selection clause selects another federal district court as the appropriate venue, a party may seek to enforce the clause through a motion to transfer pursuant to 28 U.S.C. § 1404(a).[4] But where, as here, the forum selection clause selects a state court, "the appropriate way to enforce a forum-selection clause . . . is through the doctrine of *forum non conveniens*."[5] The difference is the remedy (i.e., transfer vs. dismissal), as courts are to "evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[6]

"In the typical case not involving a forum-selection clause," a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations."[7] In practice, that means that "the district court would weigh the relevant factors and decide whether, on balance, a [dismissal] would serve 'the convenience of parties and witnesses' and otherwise promote

---

[4] *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

[5] *Id.* at 60.

[6] *Id.* at 61.

[7] *Id.* at 62–63.

'the interest of justice.'"[8] An important aspect of that analysis is that the court must "give some weight" to the plaintiff's choice of forum.[9]

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[10] In that instance, where the clause covers the claims at issue, the clause should "be 'given controlling weight in all but the most exceptional cases.'"[11] This means that "the plaintiff's choice of forum merits no weight," and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing" that dismissal in favor of litigating the dispute in "the forum for which the parties bargained is unwarranted."[12] In attempting to carry its burden, the plaintiff may not rely on "arguments about the parties' private interests" because "whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting."[13] Instead, the plaintiff may rely on "public-interest factors only."[14] And because those factors

---

[8] *Id.* (quoting 28 U.S.C. § 1404(a)).

[9] *Id.* at 62 n.6.

[10] *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

[11] *Id.* at 59–60 (quoting *Stewart Org.*, 487 U.S. at 33 (Kennedy, J., concurring)).

[12] *Id.* at 63.

[13] *Id.* at 64 (cleaned up) (quoting *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17–18 (1972)).

[14] *Id.*

"will rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases," which "will not be common."[15]

### *Discussion*

THB offers two theories in opposition to the Motion. First, THB argues that its claims are outside the scope of the Agreement, and therefore beyond the reach of the forum-selection clause. Second, THB argues that it was fraudulently induced into joining the Agreement, and therefore that the Agreement and the forum-selection clause are unenforceable.

### *A. Scope of the Clause*

The Court must first determine whether the claims in this case are covered by the Agreement's forum-selection clause. Determining the scope of a forum-selection clause is a matter of contract interpretation,[16] and "[t]he starting point, of course, is the language of the clause itself."[17] Courts applying Oklahoma law have confronted a variety of forum-selection formulations.[18] Some include broad language covering "any dispute arising under [the contract]" or "any action related to [the contract]," and courts often hold that such

---

[15] *Id.*

[16] *Kelvion, Inc. v. PetroChina Canada, Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019) ("The scope of a forum-selection clause is evaluated according to ordinary principles of contract interpretation.").

[17] 14D Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3803.1 (4th ed. 2022); *see also Haworth v. Jantzen*, 172 P.3d 193, 197 (Okla. 2006) ("If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense."); Okla. Stat. tit. 15, § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

[18] *See Rawdon v. Starwood Capital Grp.*, 453 P.3d 516, 522–23 (Okla. Civ. App. 2019)

5

provisions sweep in many different types of claims with some bearing on the agreement at issue.[19] Others include more specific descriptions of the types of claims covered, such as "all matters relating to [the contract's] validity, construction, performance, and enforcement."[20] In such cases, courts typically read the sweep of the forum-selection clause more narrowly to accord with the parties' agreed language.[21]

The forum-selection clause in the Agreement states: "This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Oklahoma and the exclusive jurisdiction and venue for the enforcement of this Agreement shall be in the District Court of Oklahoma County, State of Oklahoma."[22] This provision unquestionably falls on the narrower end of the spectrum, as it limits the scope of the forum-selection clause to matters relating to enforcement of the Agreement. Nevertheless, two of THB's three claims fall squarely within the plain language of the clause. The third requires a closer look.

Start with the breach of contract claim. THB argues that this claim does not fall within the clause because it is not a claim related to the "enforcement" of the agreement. However, the facts plead in support of the claim relate to specific provisions of the

---

[19] *See id.* (first discussing *Flanagan v. Access Midstream Partners, L.P.*, No. 17-CV-315-GKF-JFJ, 2017 WL 4324535, at *2 (N.D. Okla. Sept. 28, 2017); then discussing *Cass v. Balboa Capital Grp.*, No. CIV-13-483-SPS, 2015 WL 1428076, at *1–2 (E.D. Okla. Mar. 27, 2015)).

[20] *Hawk Enters., Inc. v. Cash Am. Int'l, Inc.*, 282 P.3d 786, 790 (Okla. Civ. App. 2012).

[21] *See Rawdon*, 453 P.3d at 522–23.

[22] Ex. 1 (Dkt. 7), at 2.

Agreement, Defendants' promises in regard to the rehabilitation project, and how Defendants allegedly failed to fulfill their obligations.[23] THB's alleged injury and requested relief under the claim stem directly from the terms of the Agreement. The Court finds that this cause of action is encompassed by the forum-selection clause.

The breach of fiduciary duty claim also falls within the scope of the forum-selection clause. As with the breach of contract claim, the pleadings under the breach of fiduciary duty cause of action begin and end with the obligations arising under the Agreement and relating to the rehabilitation project. And again, the injury alleged and the relief sought relate solely to the funds paid pursuant to the Agreement. This claim is clearly governed by the forum-selection clause.

THB refers the Court to *Arreguin v. Global Equity Lending, Inc.*[24] for the proposition that these claims do not relate to the enforcement of the Agreement, but this argument is unconvincing. *Arreguin* similarly involved a forum-selection clause limited to matters of enforcement.[25] The Northern District of California found the provision's language "broad enough to encompass not only claims for breach of contract, but also tort claims such as wrongful termination."[26] What the clause did not sweep in was a claim relating to an independent, unwaiveable statutory entitlement.[27] *Arreguin* therefore

---

[23] Pl.'s Compl. (Dkt. 1), at 8–9

[24] No. C 07-06026 MHP, 2008 WL 4104340 (N.D. Cal. Sept. 2, 2008).

[25] *Id.* at *3–4 ("[E]nforcement of this Agreement shall be governed by the laws of [Georgia] and venue shall be in [certain Georgia state courts].").

[26] *Id.*

[27] *Id.*

supports the Court's conclusion that THB's breach of contract and breach of fiduciary duty claims are encompassed by the Agreement's forum-selection clause.

THB's remaining cause of action is a claim of fraud. Here, the allegations begin with Defendants' conduct leading up to THB's purchase of the property; conduct antecedent to, and not contingent on, the later signing of the Agreement. However, the claim not only incorporates the rest of the pleadings by reference, but also includes a separate allegation regarding the rehabilitation project. Some portion of the $400,000 relief prayed for as a result of the alleged fraud therefore flows from conduct covered by the Agreement. The fraud claim "ultimately depend[s] on the existence" of the Agreement and "involve[s] the same operative facts as [the] parallel claim for breach of contract," and resolution of the claim must "relate to interpretation of the contract."[28] While a close question, the Court finds that THB's fraud claim falls within the scope of the forum-selection clause.

### B. Fraudulent Inducement

Because at least one of Plaintiff's claims fall within the scope of the forum-selection clause, the Court turns to enforceability. THB first argues that the forum-selection clause is unenforceable because Defendants fraudulently induced it to enter into the Property Management Agreement. But for the forum-selection clause to be invalid because of fraudulent inducement, THB must do more than make general allegations going to the agreement as a whole. Rather, it must provide evidence that the forum-selection clause

---

[28] *Kelvion, Inc.*, 918 F.3d at 1092–94 (citations omitted).

itself was obtained by fraud.[29] At no point does THB plead, let alone provide evidence, that the forum-selection clause in particular was obtained by fraud.[30] The Court therefore finds that the Agreement's forum-selection clause is valid and enforceable.

Because the Court finds that the forum-selection clause is enforceable, it "will be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[31] THB offers no reasons beyond its fraudulent inducement argument to suggest that enforcement of the forum-selection clause would be unreasonable here.[32] This falls well short of THB's "heavy burden" in opposing enforcement.[33] THB's claims must be dismissed for further proceedings in accordance with the forum-selection clause.

---

[29] *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992) ("A plaintiff seeking to avoid a choice provision on a fraud theory must . . . plead fraud going to the specific provision; the teaching of *Scherk*, interpreting *M/S Bremen*, require no less.") (first citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974); then citing *The Bremen*, 407 U.S. at 15); *see also Rawdon*, 453 P.3d at 525 ("[W]here a party has alleged the invalidity of a contract generally, but has not challenged the validity of the *forum selection clause itself*, the court need not rule upon the issue of the contract's validity prior to enforcing the forum selection clause.").

[30] As it pertains to the rehabilitation aspect of this case, THB's fraud claim is focused entirely on Defendants taking money from THB and failing to use it for its intended purpose. *See* Compl. (Dkt. 1), at 7, ¶ 42. THB has never alleged that the forum-selection clause itself was the product of fraud.

[31] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *see also Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005).

[32] *See Atl. Marine*, 571 U.S. at 67–68 (discussing reasons militating against enforcing a forum-selection clause, such as administrative difficulties).

[33] *Riley*, 969 F.2d at 957.

### *Conclusion*

For the reasons discussed above, Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED**, and this case is **DISMISSED**.

**IT IS SO ORDERED** this 16th day of October 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE